**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

    Plaintiff,

v.                                       Case No:  6:15-cv-45-Orl-40KRS

MICHAEL K. PIERCE, JR., et al.,

    Defendants.

## ORDER

This cause comes before the Court without oral argument on the following:

1. Plaintiff's Motion for Summary Final Judgment (Doc. 64), filed November 18, 2015;

2. Defendant Mark S. Brown's and Autumn M. Waite's Response to Plaintiff's Motion for Summary Final Judgment (Doc. 66), filed December 1, 2015;

3. Defendant Donald R. Yates' Response to Plaintiff's Motion for Summary Final Judgment (Doc. 67), filed December 2, 2015;

4. Defendant Gaby J. Charbonneau's Response to Plaintiff's Motion for Final Summary Judgment (Doc. 68), filed December 3, 2015; and

5. Plaintiff's Reply to Defendants, Mark S. Brown's, Autumn M. Waite's, Donald R. Yates', and Gaby J. Charbonneau's Response to Petitioner's Motion for Summary Final Judgment, Objections to Affidavits of Autumn Waite and Ericka Loucks and Integrated Memorandum of Law (Doc. 69), filed December 15, 2015.

Upon consideration and review of the record, including all pleadings, deposition transcripts, affidavits, exhibits, and memoranda of the respective parties, the Court denies Plaintiff's Motion for Summary Final Judgment.

## I.   BACKGROUND[1]

Plaintiff, Progressive Express Insurance Company ("Progressive"), brings this lawsuit to establish its rights and duties under an insurance policy it issued to Defendants, Michael K. Pierce, Sr. and Kim Pierce (the "Pierces").  That policy provides insurance coverage for certain persons who become involved in an automobile accident, including the Pierces and their "relatives" as that term is defined by the policy.  The policy remained in full force and effect from May 9, 2014 through November 9, 2014.

On August 7, 2014, the Pierces' son, Defendant, Michael K. Pierce, Jr. ("Pierce Jr."), struck Defendant, Donald R. Yates ("Yates"), with a car owned by Defendants, Mark S. Brown ("Brown") and Autumn M. Waite ("Waite"), while Yates was riding a bicycle.  As a result of the incident, Yates filed a state court negligence action against Pierce Jr. as the driver of the vehicle and against Brown and Waite as the vehicle's owners.  On September 8, 2014, Pierce Jr. was involved in another accident while driving a car owned by Defendant, Maureen F. Lushefski.  This time, Pierce Jr. struck a vehicle owned and operated by Defendant, Gaby J. Charbonneau ("Charbonneau"), which then struck a vehicle owned and operated by Defendant, Jeremiah S. Turner ("Turner").  As a result of this accident, Turner wrote to Progressive on September 24, 2014 to establish a liability claim.

---

[1]   The parties do not dispute the general factual background giving rise to this lawsuit.

Progressive refuses to defend or indemnify Pierce Jr. under the Pierces' insurance policy for any damages or injuries he caused arising out of the August 7, and September 8, 2014 accidents. It is Progressive's position that Pierce Jr. is not covered by the policy. Progressive now moves for summary judgment and seeks a declaration of its rights.

## II.  STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials," but may also consider any other material in the record. Fed. R. Civ. P. 56(c)(3).

An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record demonstrating a lack of genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to demonstrate that there are, in fact, genuine factual disputes which preclude judgment as a matter of law. *Celotex*,

477 U.S. at 325; *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006), *cert. denied*, 549 U.S. 996 (2006).

To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must go beyond the pleadings and "identify affirmative evidence" which creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). In determining whether a genuine dispute of material fact exists, the court must read the evidence and draw all factual inferences therefrom in the light most favorable to the non-moving party and must resolve any reasonable doubts in the non-movant's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at 587.

## III.   DISCUSSION

This insurance dispute calls on the Court to interpret the policy Progressive issued to the Pierces. It is well-settled that "insurance coverage is a creature solely of the contract at issue." *Bonich v. State Farm Mut. Auto. Ins. Co.*, 996 So. 2d 942, 943 (Fla. Dist. Ct. App. 2008). Consequently, absent ambiguity in a policy's language, "insurance contracts must be construed in accordance with the plain language of the policy." *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So. 2d 161, 165 (Fla. 2003).

Progressive moves for summary judgment on the grounds that Pierce Jr. is not a "relative" according to the terms of the Pierces' insurance policy. The policy defines "relative" to mean "a person residing in the same household as [the insured], and related

to [the insured] by blood, marriage, or adoption, and includes a ward, step-child, or foster child." (Doc. 64, Ex. A, p. 6). The policy additionally clarifies that "unmarried dependent children temporarily away from home will qualify as a relative if they intend to continue to reside in [the insured's] household." (*Id.*) (alteration omitted). No party contends that the policy's definition of "relative" is ambiguous and there is no dispute that Pierce Jr. is related to the Pierces by blood. Therefore, in order to prevail on summary judgment and receive the declaratory relief it seeks, Progressive must demonstrate that there is no genuine factual dispute that (i) Pierce Jr. did not reside in the Pierces' household during the relevant time period and (ii) Pierce Jr. was not an unmarried dependent child who, although temporarily away from the household, intended to continue residing with the Pierces.

In its motion for summary judgment, Progressive cites the depositions of Pierce Jr. and his parents. All three essentially agree that Pierce Jr. has not lived in the Pierces' household since 2003 and that he has no intent to reside with the Pierces in the future. (*See* Doc. 64, pp. 6–17). Progressive therefore carries its initial burden on summary judgment of showing no genuine factual dispute exists that Pierce Jr. was not a "relative" under the Pierces' insurance policy.

In their responses, however, Brown, Waite, Yates, and Charbonneau submit two sworn affidavits which create a genuine factual dispute as to whether Pierce Jr. was a "relative" during the relevant time period.[2] The first affidavit is from Waite, who says she

---

[2] Progressive objects to the Court's consideration of both affidavits on the grounds that they contain inadmissible hearsay and statements that are not based on personal knowledge. (Doc. 69, pp. 5–8). As to hearsay, Progressive's objection is overruled. The Court finds that the contested statements could be reduced to admissible form as statements made by a party-opponent. *See* Fed. R. Evid. 801(d)(2)(A). As to the

became friends with Pierce Jr. in early 2014. (Doc. 66, Ex. 1, ¶ 2). Waite recounts Pierce Jr. telling her that he lived with the Pierces and that he paid rent to the Pierces on August 7, 2014. (*Id.* ¶¶ 3, 4). The second affidavit is from Erica Loucks, who also states that she was friends with Pierce Jr. and that he told her that he lived with the Pierces. (Doc. 66, Ex. 2, ¶ 2). Ms. Loucks further avers that she stayed with Pierce Jr. at his parents' house for several days while she was in the process of moving. (*Id.*). Ms. Loucks describes staying with Pierce Jr. in a bedroom which contained his clothing and belongings. (*Id.*). Based on these affidavits, a rational trier of fact could conclude that Pierce Jr. resided in the Pierces' household during the term of the insurance policy. Accordingly, a genuine dispute of material fact exists which precludes entry of summary judgment.

## IV.   CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Final Judgment (Doc. 64) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on May 17, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

statement made in Waite's affidavit that she witnessed items in the Pierces' house which she "understood" to belong to Pierce Jr., Progressive's objection is sustained. *See Pace v. Capobianco*, 283 F.3d 1275, 1278–79 (11th Cir. 2002) (explaining that affidavits submitted on summary judgment must be made on the affiant's actual knowledge and not mere belief or understanding).